UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:10CV-650-H

**JAMES CALVIN RODGERS FERGUSON**                                                                **PLAINTIFF**

v.

**LOUISVILLE METRO POLICE *et al.***                                                                **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff James Calvin Rodgers Ferguson filed a *pro se* complaint. He also filed an application to proceed without prepayment of fees (DN 3), which is **GRANTED**. Because Plaintiff is proceeding *in forma pauperis*, this Court must preliminarily review the complaint, prior to service, pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

### I.

Plaintiff filed his action on a Court-approved, general complaint form against the Louisville Metro Police, "Shirff Department," and "Public Defender Advocacy." As grounds for filing this case in federal court, he alleges, "wrongly jailed when no crime was committed for the 16 time property stolen in process cellphones, CD, Player, micro cassette, voice recorder assories Etc." As his statement of claim, he alleges:

> was walking down street approded by police talked to badly and arresstted for the 16 or 17 time when was not doing anything and charged with same D.C. and tresspassing charges and property stolen by arressing police officers Sonya Talbott, James Clark 1st Div . . . claims that property was held for evidence when i was arresstted for D.C. only[.]

As relief, Plaintiff seeks $22,000,000,000.

## II.

Upon review of a complaint under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). "Under 42 U.S.C. § 1983, a plaintiff must allege (1) deprivation of a right secured by the federal Constitution or laws of the United States, and (2) that the deprivation was caused by a person while acting under color of state law." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Absent either element, no § 1983 claim exists. *Id.*

### A. *Louisville Metro Police and "Shirff Department"*

The Louisville Metro Police and the "Shirff Department" are not "persons" subject to suit under § 1983 because municipal departments are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). The municipality is the proper defendant – in this case, Louisville Metro Government.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-480

3

(1986)) (emphasis in original).  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.  *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy."  *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).  "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit."  *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff has not alleged that any officer acted pursuant to a municipal policy or custom in causing his alleged harm, and nothing in the complaint demonstrates that any officer's action occurred as a result of a policy or custom implemented or endorsed by the Louisville Metro Government.  A municipality "cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell*, 436 U.S. at 691.  Consequently, the complaint fails to establish a basis of liability against the Louisville Metro Government and, therefore, fails to state a cognizable § 1983 claim against it.

### B. "Public Defender Advocacy"

While the Court is aware of its duty to construe *pro se* complaints liberally, Plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing Defendant with "fair notice of the basis of [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Plaintiff alleges no facts involving the "Public Defender Advocacy" and, therefore, does not give that Defendant fair notice of his claims against it and the grounds upon which they rest. Further, it is firmly established that a defense attorney, regardless of whether he is a public defender or private attorney, is not a state actor for purposes of § 1983. *Polk County*, 454 U.S. at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Accordingly, the claims against the "Public Defender Advocacy" must be dismissed for failure to state a claim upon which relief may be granted.

For all of the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date:

cc: Plaintiff, *pro se*
4412.005